**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
JOSHUA SIMPSON,

                                          Plaintiff,

        -against-

THE CITY OF NEW YORK,  POLICE OFFICER
JOHN DOE #1 & POLICE OFFICER JOHN DOE #2,
in their individual and official capacities as employees
of the City of New York Police Department

                                     Defendants.
-------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

14 cv 7351(PGG)

The Plaintiff, JOSHUA SIMPSON, by his attorney, Paul V. Prestia, Esq., of The

Prestia Law Firm, P.L.L.C., alleges the following, upon information and belief for this

Complaint:

<u>**NATURE OF THE ACTION**</u>

1.     This is a civil rights action for money damages brought pursuant to 42

U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the

United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the

State of New York, and the common law of the State of New York, against the City of

New York, and against Police Officers John Doe #1 and John Doe #2, police officers of

the City of New York, in their individual and official capacities.   Plaintiff seeks

compensatory and punitive damages, affirmative and equitable relief, an award of

attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4).  Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367.  Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as Plaintiff's federal claims.

## VENUE

3.     Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York because the events forming the basis of Plaintiff's Complaint occurred in that District.

## PARTIES

4.     Plaintiff, Joshua Simpson, is a citizen of the United States and was, at all times relevant hereto, residents of the State of New York, Queens County.

5.     Defendant Police Officers JOHN DOE #1 & JOHN DOE #2,  (hereinafter, JOHN DOE #1, JOHN DOE #2,,  respectively) were at all times relevant to this complaint a duly appointed and acting officers of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

6.     Defendant City of New York is a Municipal Corporation duly incorporated and existing pursuant to the laws of the State of New York, pursuant to Section 431 of its Charter. The City of New York has established and maintains a Police Department as a constituent department or agency of the defendant.

7.     At all relevant times, the City of New York and its Police Department employed  the

defendants.

8.      At all relevant times the Defendants JOHN DOE #1 and JOHN DOE #2, were duly appointed and acting Police Officers of the New York City Police Department and was at all relevant times on duty in April 2013.

9.      At all relevant times, Defendants JOHN DOE #1 and JOHN DOE #2 were acting under color of state law.

10.      At all relevant times, Defendants JOHN DOE #1 and JOHN DOE #2 were agents, servants and employees acting within the scope of their employment by defendant City of New York.

## FACTS

11.      On or about approximately April 4, 2013, at approximately 10:00 p.m., Joshua Simpson (hereinafter "Plaintiff"), was a passenger in a friend's vehicle which was subject to a car stop at or about Walton Avenue and 167th St, Bronx, NY.

12.      Defendants John Doe # 1 and #2 approached said vehicle with guns drawn and ordered Plaintiff and the driver of the vehicle, out of the car.

13.      Plaintiff was handcuffed and taken to the 44th Precinct.

14.      Plaintiff was brought to Central Booking Bronx  County.

15.       Plaintiff was released after approximately twenty-four (24) hours in custody without charges being filed against him.

16.      As a direct and proximate result of the malicious and outrageous conduct of Defendants set forth above, Plaintiff suffered injuries and damages including,emotional trauma, harm and distress, mental anguish, fear, pain and suffering.  The full extent of the injuries and damages suffered by Plaintiff  has yet to be determined.

## FIRST CAUSE OF ACTION

### (False Arrest Under Federal Law)

17.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 16 of this complaint as if fully set forth herein.

18.     The acts and negligence of the Defendant Officers John Doe #1 & John Doe #2 committed under color of law and under their authority as City of New York police officers, in falsely arresting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences to Plaintiff and were designed to and did cause emotional harm and distress, mental anguish, fear, pain and suffering to Plaintiff.  The aforesaid actions of the defendants were in violation of Plaintiff's constitutional rights to be free from unreasonable search and seizure of his person, to equal protection of the laws, and to not suffer deprivation of his liberty without due process of law, as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and in violation of 42 U.S.C. § 1983.

19.     As a consequence thereof,  Plaintiff was injured and claims damages under 42 U.S.C. § 1983 for the above-referenced injuries.

## SECOND CAUSE OF ACTION

### (Federal Civil Rights Violation)

20.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 19 of this complaint as if fully set forth herein.

21.     The acts and negligence of the defendant Officers John Doe #1 and John Doe #2, acting under color of law, in falsely arresting, physically assaulting, verbally abusing, and unlawfully searching, seizing and imprisoning Plaintiff, who is African-American, were motivated by racial animus, were done intentionally, maliciously, unlawfully and/or with a reckless disregard for the natural and probable consequences of their acts, and were designed to and did cause specific and serious bodily injury, emotional harm and distress, mental anguish, fear, pain and suffering in violation of the Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United

States Constitution, and in violation of 42 U.S.C. § 1981.

22.     As a consequence thereof, Plaintiff has been injured, and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

### THIRD CAUSE OF ACTION

### (Monell )

23.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 22 of this complaint as if fully set forth herein.

24.     On information and belief, prior to and including April 4, 2013, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

25.     On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the City of New York.

26.     On information and belief, it was the policy and/or custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant officers to be in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff and otherwise cause him injury and violate his state and federal constitutional rights.

27.     On information and belief, the defendant officers have been the subject of prior civilian and departmental complaints that put  or should have put, the defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the plaintiff herein. Furthermore, the City of New York and its Police Department did not require appropriate in-service

training or re-training of officers who were known to have engaged in police misconduct.

28.     As a result of the above described policies and customs, police officers of the City of New York, including the defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

29.     The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal constitutional rights of persons within the City, and were the cause of the violations of Plaintiff's rights guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, and under 42 U.S.C. § 1981.

30.     The conduct and negligence of the defendant City of New York and its Police Department were the direct and proximate cause of the injuries to Plaintiff..

31.     As a consequence thereof, Plaintiff has been injured and claims damages under 42 U.S.C. § 1983 for the aforesaid injuries.

 emotional harm and distress, mental anguish, fear, pain and suffering in violation of Plaintiff's constitutional rights as guaranteed under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1981.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff's respectfully requests that judgment be entered as follows:

1.     A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, and to be free from the deprivation of liberty without due process of law as guaranteed under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution;

2.      A declaration that the defendants violated Plaintiff's rights to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens as guaranteed under 42 U.S.C. § 1981;

3.      A declaration that the defendants violated Plaintiff's rights to equal protection of the laws, to be free from unreasonable search and seizure, to be free from excessive and unreasonable force, to not be discriminated against in his civil rights because of his race or color, and to be free from the deprivation of liberty without due process of law as guaranteed under Article I, Sections 6, 11 and 12 of the New York State Constitution;

4.      Compensatory damages against all defendants in an amount to be

determined by a jury;

5.      By reason of the wanton, willful and malicious character of the conduct

complained of herein, exemplary and punitive damages against all

defendants in an amount to be fixed at trial;

6.      An award to Plaintiff of the costs and disbursements herein;

7.      An award of attorney's fees under 42 U.S.C. § 1988;

8.      Such other and further relief as this Court may deem just and proper.


Dated: August 28, 2014
         New York, New York


                           _____/s/_____
                           PAUL V. PRESTIA, ESQ.
                           The Prestia Law Firm, P.L.L.C.
                           65 Broadway, Suite 716
                           New York, New York 10006
                           (212) 430-6313
                           Attorney for Plaintiff